# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| EUGENE H. MOORE | CIVIL ACTION NO. 06-1353 |
| VS. | SECTION P |
| TERRY TERRELL, WARDEN | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE WILSON |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on or about July 19, 2006[1] by *pro se* petitioner Eugene H. Moore. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana where he is serving a hard labor sentence imposed following his 1997 conviction for distribution of cocaine and his subsequent adjudication as a multiple offender (La. R.S.15:529.1) in the Thirty-eighth Judicial District Court, Cameron Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

---

[1] In accordance with the "mailbox rule," that date is the earliest date upon which petitioner's pleadings could be said to have been filed. See *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), wherein a bright-line "mailbox rule" for *pro se* prisoners was established. The Supreme Court recognized that without a mailbox rule, prisoners acting *pro se* would be unduly prejudiced in their attempts to exercise their rights under the law: "Unskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access– the prison authorities–and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." *Houston*, 487 U.S. at 271-72, 108 S.Ct. at 2382-83.

### Statement of the Case

The petition, its accompanying memorandum and exhibits, and the presumptively reliable published jurisprudence of the State of Louisiana establish the following relevant facts.

On December 9, 1997 petitioner was convicted of distribution of cocaine in the matter entitled *State of Louisiana v. Eugene Henry Moore*, No. 80754. [Exhibits, Vol. 3, pp. 6-7]. On December 18, 1997 he was sentenced to serve 12 years at hard labor. [Vol. 3, p. 8; Vol. 4, pp. 238-243]. On the same date he was arraigned on a habitual offender bill and entered a plea of not guilty. (The habitual offender proceeding was filed under docket number 85939.) [Vol. 2, p. 1].

On January 29, 1998 petitioner admitted to the allegations of the habitual offender bill and was sentenced to serve 15 years at hard labor. [Vol., p. 2; Vol. 4, pp. 244-252].

Petitioner did not appeal his conviction, adjudication, or the sentences imposed and therefore, his judgment of conviction became final for AEDPA purposes on February 5, 1998 when the delays for taking an appeal expired.[2]

Instead, on July 17, 1998 petitioner filed a *pro se* Application for Post-Conviction Relief. Therein he alleged that his retained trial counsel did not file an appeal and was otherwise ineffective; he also alleged that he was treated unfairly and that hearsay evidence was used to

---

[2] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on Thursday, January 29, 1998. The five day period commenced on Friday, January 30. Since Saturday January 31 and Sunday February 1 were legal holidays, the five day delay for filing an appeal ended on Thursday, February 5, 1998.

obtain his conviction. [Vol. 3, pp. 26-28]. Petitioner's application was answered by the State of Louisiana on or about September 1, 1998. [Vol. 3, pp. 31-32][3].

On November 24, 1998, the court convened a hearing on petitioner's application for post-conviction relief. At the conclusion of the hearing, the court denied relief. [Vol. 4, pp. 253-261].

On December 4, 1998 petitioner filed a *pro se* writ application in the Third Circuit Court of Appeals seeking review of the trial court's denial of his application for post-conviction relief. That matter was assigned docket number 98-01834. [Vol. 3, p. 36]. That matter remained pending until May 11, 1999 when the Third Circuit denied writs finding "no error in the trial court's ruling." [Vol. 3, p. 38; *State of Louisiana v. Eugene Moore*, No. 98-01834 (La. App. 3 Cir. 5/11/99)].

On May 18, 1999 petitioner filed a counseled "Motion and Order for Out of Time Appeal." [Vol. 3, pp. 39-40]. The motion was denied on the same date with the following notation,

> The trial court is without jurisdiction to grant an out-of-time appeal on ex parte motion due to lapse of time to take an appeal. The appellate courts can do so under their supervisory jurisdiction. See Uniform Rule 3-21 and *State v. Davis*, 457 So.2d 848 (La. App. 1st Cir. 1984). [Vol. 3, p. 41]

On November 23, 1999 petitioner filed a *pro se* Motion for Release of Seized Property. By this pleading petitioner sought the return of approximately $1800 in cash which was seized from him at the time of his November 6, 1996 arrest. Petitioner claimed that the State had failed

---

[3] On September 11, 1998 petitioner applied to the Third Circuit Court of Appeals for supervisory writs apparently complaining about the court's inaction on his petition. On September 16, 1998 the Third Circuit directed the trial court to act on the application. [Vol. 3, p. 33; *In Re: Eugene Moore*, No. 98-01372 (La. App. 3 Cir. 9/6/98)] On October 30, 1998 petitioner filed a Motion to Enforce again complaining that the trial court had not taken action on his Application for Post-Conviction Relief. On December 2, 1998, the Third Circuit, having determined that the district court had in fact taken the action described above, dismissed the motion as moot. [Vol. 3, p. 35; *State of Louisiana v. Eugene Moore*, No. 98-01639 (La. App. 3 Cir. 12/2/98)]

to timely institute forfeiture proceedings and that the cash was legal gambling winnings and not proceeds from illegal drug activities. [Vol. 3, pp. 43-48]. On the same date petitioner filed a *pro se* Motion to Quash. Petitioner alleged that he had been charged with two separate counts of distribution of cocaine; that although he had been timely tried on one count, the second count remained outstanding and was prescribed by the limitations period set forth in LSA C.Cr.P. art. 578.3. [Vol. 3, pp. 49-51].

On February 24, 2000 a hearing was convened on petitioner's Motion for Release of Seized Property and his Motion to Quash. Since the State agreed to the requests, the motions were granted. Petitioner's money was returned and the charges which were not timely prosecuted were dismissed and expunged. [Vol. 4, pp. 262-266].

Apparently petitioner was unaware of the action taken, so, on July 9, 2000 he filed a Writ of Mandamus in the district court requesting the court to convene a hearing on his previously filed motion to quash. [Vol. 3, pp. 54-58; Vol. 2, pp. 8-12]. On August 8, 2000, petitioner was advised by the District Attorney's Office that the heretofore un-prosecuted drug charge had been dismissed and expunged as requested. [Vol. 3, p. 59; Vol. 2, p. 13].

On or about September 15, 2000 petitioner filed an application for writs in the Third Circuit Court of Appeals; the application sought review of the denial of a Motion to Compel Production of Public Records. It was assigned Third Circuit Docket Number 00-01297-CW. [Vol. 3, p. 60; Vol. 2, p. 14]

On September 21, 2000 the District Attorney filed a Response to Writ of Mandamus. This pleading responded to the petitioner's allegation that he had previously filed a Motion to Compel Production of Public Records on May 1, 2000. According to the District Attorney's

pleading, no record of such pleading could be found in either the records of the District Attorney or the Clerk of Court. [Vol. 3, pp. 61-62; Vol. 2, pp. 15-16]. On November 3, 2000 the Third Circuit Court of Appeals denied writs in the matter docketed under Number CW 00-01297 having observed,

> Although the Relator, Eugene Moore, avers in his writ application that a motion to compel production of public records was hand delivered to the Office of the Clerk of Court for Cameron Parish, the writ application contains no proof that this motion was filed in the lower court. The Clerk of Court's Office for Cameron Parish has informed this court that it is not in possession of any motion to compel production of public records on behalf of the Relator. Accordingly, since this court cannot order the lower court to act on a motion that has not been filed in the lower court, the Relator's writ application is hereby denied. [Vol. 3, p. 63; Vol. 2, p. 17][4]

On January 31, 2001 petitioner filed a *pro se* application for post-conviction relief seeking an out-of-time appeal. Petitioner submitted a brief with his application and this pleading was entitled "Memorandum of Law, Analysis and Authorities in Support of Post-Conviction Writ of Habeas Corpus." [Vol. 3, pp. 64-75; Vol. 2, pp. 18-29]. The application was dated January 31, 2001 but received and filed on March 1, 2001. For the purposes of this report, petitioner will be afforded the benefits of the "mailbox rule" with regard to this filing. See fn 1, *supra.*

On February 1, 2001 the court convened an *ex parte* hearing with the District Attorney. The prosecutor advised the court that according to the Louisiana Department of Public Safety and Corrections, the original sentence imposed on December 18, 1997 had not been vacated when

---

[4] On some unspecified date petitioner, apparently disputing this ruling, applied for writs in the Louisiana Supreme Court. On October 1, 2004 the Supreme Court denied writs. *State ex rel. Eugene H. Moore v. State of Louisiana*, 2003-2487 (La. 10/1/2004), 883 So.2d 998.

the habitual offender sentence was imposed on January 29, 1998. Therefore, the State moved to

set aside the December 1997 sentence of 12 years; the motion was granted. [Vol. 4, pp. 267-269].

On March 5, 2001 the district court denied petitioner's Application for Post-Conviction

Relief as time barred by the provisions of LSA C.Cr.P. art. 930.8. The court noted,

> Applicant was sentenced as a multiple offender on January 29, 1998. The
> conviction and sentence became final more than two (2) years before an
> application for post-conviction relief, entitled 'Application for Writ of Habeas
> Corpus', dated January 31, 2001, was filed on March 5, 2001 ... This application
> was not filed within the two year limitation and the exceptions to the time
> limitation provided for by Article 930.8 are not present. [Vol. 3, pp. 76-77; Vol.
> 2, pp. 30-31].

Sometime prior to March 26, 2001, petitioner filed a writ application in the Third Circuit

Court of Appeals. On that date, this writ application was denied, the court having noted,

> The issue raised in Relator's application was previously considered by this court
> in *State v. Moore*, an unpublished writ bearing docket number 98-1834 (La. App.
> 3 Cir. 5/11/99). Accordingly, his application is denied. *State v. Moore*, KW 01-
> 00176 (La. App. 3 Cir. 3/26/2001). [Vol. 3, p. 78; Vol. 2, p. 32][5]

On April 5, 2001 petitioner filed a *pro se* Motion and Order for Production of Jury Trial

and Multiple Offender Hearing Transcripts. In the latter motion he alleged, "Movant avers on

February 1, 2001, his 12 year sentence was set aside, with a 15 year habitual offender sentence

remaining." He then claimed a "particularized need" for various transcripts in order to "resolve

the issue of imposition of 'multiple' sentences for a single felony conviction." [Vol. 3, pp. 83-84;

Vol. 2, pp. 37-38]. The Motion was denied without comment by the District Court. [Vol. 3, p.

85; Vol. 2, p. 39]. At the same time petitioner filed a Motion and Order for *Subpoena Duces*

---

[5] On some unspecified date petitioner applied for writs in the Louisiana Supreme Court. On October 17, 2003, the Supreme Court denied writs having found that petitioner's Application for Post-Conviction Relief was not filed within the limitations period established by La. C.Cr.P. art. 930.8 and was repetitive. *State ex rel. Eugene Moore v. State of Louisiana*, 2002-2828 (La. 10/17/2003), 855 So.2d 749.

*Tecum* requesting receipts from a hotel near petitioner's place of business to assist in post-conviction litigation. [Vol. 3, pp. 87-88; Vol. 2, pp. 41-42]. This motion was apparently interpreted by the court as an application for post-conviction relief and denied on April 23, 2001. The district court noted,

> The application for post-conviction relief is denied without hearing because:
> (1) Successive Application. The last application was denied on March 5, 2001;
> (2) Application not timely. See attached reasons on earlier application.
> (3) No new or equitable reason exists for late filing. [Vol. 3, p. 89; Vol. 2, p. 43].

On April 21, 2001 petitioner filed a writ application in the Third Circuit Court of Appeals. This writ application again sought review of the trial court's March 5, 2001 denial of his application for post-conviction relief seeking an out-of-time appeal. [Vol. 3, pp. 92-100; Vol. 2, pp. 46-54]. The writ application was received on April 27, 2001 and assigned docket number 01-00524-KH. [Vol. 3, p. 91; Vol. 2, p. 45].

On May 17, 2001 petitioner filed another *pro se* application for writs in the Third Circuit which was assigned docket number 01-00602-KH. [Vol. 2, p. 55]

On May 24, 2001 petitioner filed a *pro se* Motion for New Trial based on newly discovered evidence. He claimed that the owner of the Lakeview Motel in Lake Charles could provide an alibi for him. [Vol 3, pp. 102-106]. Petitioner provided an affidavit dated May 18, 2001 wherein he admitted knowledge of the facts known by his alibi witness sometime in April 1996. According to the affidavit,

> Sometime during the month of April 1996, I contacted Mr. Peteal by phone at his place of business. During our talks I discussed with Mr. Peteal matters concerning receipts to confirm and verify my stay as a temporary resident of the motel on numerous occasions during the month of April 1996. Mr. Peteal advised that his records (of receipts) reveal that I did, in fact, stay as a guest at his motel on numerous occasions during the month of April 1996 and, if I wanted copies of the

rental receipts for confirmation and verification purposes, I would have to send a
family member or relative to the motel to pick-up the receipts. These receipts
would serve as evidence to prove that I was at the motel during any alleged on-
going trafficking or distribution of narcotics. [Vol. 3, p. 107].

On the same date (May 24, 2001) the trial court denied the motion, "Because this
applicant for post conviction relief has filed multiple times and because the application does not
pray for relief authorized by the Code of Criminal Procedure, the same is denied." [Vol. 3, p.
106].

Petitioner's May 24, 2001 Motion for Hearing was also denied. [Vol. 3, p. 109].  On June
5, 2001 petitioner corresponded with the district court and advised that his "judgment rendered
on a 'Motion for new Trial' (on May 24, 2001) . . .  was on a 'Post-Conviction Relief
Application' and not on a Motion for New Trial". [Vol. 3, p. 11].   On June 19, 2001 the court
clarified the misunderstanding and petitioner's Motion for New Trial was dismissed because it
"was not filed with the time limit prescribed by Article 853 of the Code of Criminal Procedure". [6]
[Vol. 3, p. 110].

On July 10, 2001 petitioner filed a Motion and Order to Compel Production of Initial
Offense Report. [Vol. 3, pp. 120-124].  On July 23, 2001 the motion was denied. [Vol. 3, p. 124].

On August 13, 2001 petitioner filed a writ application in the Third Circuit Court of
Appeals. The writ was assigned docket number 01-01047-CW. [Vol. 3, p. 125].

On August 17, 2001, petitioner's application for writs seeking review of the trial court's
denial of his motion for production of documents was denied. *State v. Moore*, KH 01-00602 (La.

---

[6] La. C.Cr.P. art. 853 provides that a motion for new trial must be filed prior to sentencing, unless it is based
upon newly discovered evidence. If based upon newly discovered evidence, the motion must be filed within one year
of the verdict or judgment of the trial court.

App. 3 Cir. 8/17/2001). [Vol. 3, p. 126].

On August 22, 2001 petitioner filed a Motion for Production of Multiple Offender

Transcripts. The Motion was denied on October 11, 2001 because the trial court found that

petitioner had already been provided the transcripts in question. [Vol. 2, pp. 58-60].

On August 28, 2001 petitioner's writ application seeking review of the denial of his

Application for Post-Conviction Relief was denied, the court having found,

> Relator filed his application for post-conviction relief more than three years after
> his conviction and sentence became final. Relator fails to allege or prove any
> exception to the time limitation. Additionally, Relator's claim is repetitive having
> been reviewed by this court in *State v. Moore*, and unpublished writ bearing
> docket number 98-1834 (La. App. 3 Cir. 5/11/99) and *State v. Moore*, an
> unpublished writ bearing docket number 01-176 (La. App. 3 Cir. 3/26/01).
> [Vol. 3, p. 127, Vol. 2, p. 56, *State v. Moore*, KH 01-00524 (La. App. 3 Cir.
> 4/27/2001).][7]

On September 7, 2001 petitioner filed a writ application in the Third Circuit; this writ

application was assigned docket number 01-00524-KH. [Vol. 3, p. 128; Vol. 2, p. 58].

On October 2, 2001 the Third Circuit denied writs in the matter entitled *State v. Moore*,

No. CW 01-01047 (La. App. 3 Cir. 10/2/2001). [Vol. 3, p. 129].[8]

On October 10, 2001 the Third Circuit denied petitioner's motion for rehearing in the

matter entitled *State v. Moore*, No. 01-00524-KH. [Vol. 3, p. 130; Vol. 2, p. 61].

On November 13, 2001 petitioner filed a writ application in the Third Circuit Court of

---

[7] On some unspecified date petitioner applied for writs with the Louisiana Supreme Court. On August 30,
2002, the Supreme Court denied writs agreeing with both the district court and the Third Circuit Court of Appeals
that petitioner's Application for Post-Conviction Relief was not filed within the limitations period established by La.
C.Cr.P. art. 930.8. See *State ex rel. Eugene H. Moore v. State of Louisiana*, 2001-2944 (La. 8/30/2002), 823 So.2d
944.

[8] On some unspecified date petitioner applied for writs with the Louisiana Supreme Court. On October 4,
2002, writs were denied. *State ex rel. Eugene H. Moore v. State of Louisiana*, 2001-3022 (La. 10/4/2002), 826 So.2d
1116.

Appeals. This writ was assigned docket number 01-01482-CW. [Vol. 2, p. 62].

On December 28, 2001 the Third Circuit granted writs and ordered the trial court to convene a hearing to determine whether petitioner had already received a copy of the January, 1998 habitual offender transcript. *State v. Moore*, CW 01-01482 (La. App. 3 Cir. 12/28/01) [Vol. 2, p. 63].

On March 15, 2002 petitioner filed a Motion and Order for Production of Evidentiary Hearing Transcripts. [Vol. 3, pp. 130A –130D].

On April 30, 2002 a hearing was convened on petitioner's motion for production of documents. The court ordered a transcript of the hearing on November 24, 1998 transcribed and provided to petitioner. [Vol. 4, pp. 270-273]. On the same date petitioner filed a Motion seeking copies of the proceeding held on February 1, 2001. This motion was granted on May 11, 1002. [Vol. 2, p. 64-66].

On April 30, 2002 petitioner also filed a Motion and Order to Compel Production of Audio Record of Habitual Offender Hearing. That motion was denied without comment on May 11, 2002. [Vol. 2, pp. 67-76]

On January 22, 2003 petitioner filed a writ application in the Third Circuit seeking review of the denial of his Application for Post-Conviction Relief. The writ was assigned docket number CW 03-00071. It was denied on July 29, 2003. *State v. Moore*, CW 03-00071 (La. App. 3 Cir. 7/29/2003) [Vol. 2, p. 77].

On August 25, 2003 petitioner filed a writ application in the Louisiana Supreme Court seeking review of the Third Circuit's writ denial under that court's docket number CW 03-00071. The application was docketed as *State ex rel. Moore v. State* and was assigned Supreme

Court Docket Number 2003-KH-2487. [Vol. 3, p. 131].

On September 22, 2003 petitioner filed a Motion to Correct And [sic] Illegal Sentence. [Vol. 2, pp. 80-97; Vol. 1, Appendix M-a]. On October 6, 2003 this Motion was denied. [Vol. 2, pp. 78-79; id.].

On October 31, 2003 petitioner filed a writ application in the Third Circuit Court of Appeals. [Vol. 1, Appendix M-b].

On January 27, 2004 petitioner's writ application was granted; the court found,

The trial court failed to vacate the original twelve year sentence before imposing the fifteen-year habitual offender sentence rendering the habitual offender sentence null and void. See *State v. Walton*, 1998-1433 (La. App. 3 Cir. 3/24/99), 738 So.2d 36, *writ denied*, 1999-1195 (La. 10/1//99), 748 So.2d 434, State v. Boss, 03-133 (La. App. 5 Cir. 5/28/03), 848 So.2d 75 and La. R.S.15:529.1. The trial court subsequently vacated the original sentence but did not impose a new habitual offender sentence. Accordingly, this matter is remanded to the trial court for re-sentencing Relator as a second felony offender. *State v. Moore*, KH 03-01511 (La. App. 1/27/2004) [Vol. 3, p. 132; Vol. 2, p. 98]

On March 25, 2004 a hearing was convened. The trial court vacated all previous sentences and then fixed a sentencing date in accordance with Louisiana law. [Vol. 4, pp. 274-280; Vol. 2, p. 4; pp. 145-151]. Petitioner returned to court on March 30, 2004 and was sentenced to serve 15 years on the habitual offender adjudication. Petitioner filed a Motion to Reconsider Sentence alleging excessiveness of sentence and a motion to quash. Both motions were denied. Petitioner advised the court of his intention to appeal and the judge set a return date. [Vol. 4, pp. 281-287; Vol. 2, pp. 5-6; pp. 152-158].

On March 30, 2004 petitioner filed a Motion for Production of Evidentiary Hearing Transcripts. [Vol. 3, pp. 133-134; Vol. 2, pp. 99-100]. The motion was granted on April 22, 2004. [Vol. 3, p. 135; Vol 2, p. 101].

On March 30, 2004 petitioner filed a Motion to Reconsider sentence noting the following

facts,

> On February 1, 2001, Movant's original sentence was vacated and set aside, the
> trial court failed to impose the Habitual Offender Sentence. Movant applied for
> Correction of and Illegal Sentence on or about September 17, 2003 before this
> Honorable Court and was denied under the Post-Conviction Statute on October 6,
> 2003. Movant then applied for Supervisory Writ of Review in and for the Third
> Circuit Court of Appeal, the Circuit Court granted Applicant's writ and made
> Peremptory Order on January 27, 2004 remanding this matter to the trial court for
> re-sentencing Movant as an Habitual Offender. [Vol. 3, pp. 136-140; Vol. 2, pp.
> 102-106]

He also filed a Motion to Quash alleging an unreasonable delay prior to the imposition of

sentence. [Vol. 2, pp. 107-111].

On the same date petitioner filed a Notice of Intent to Appeal/Seek Supervisory Writs

again seeking reinstatement of his appeal rights and raising the following assignments of error,

(1) insufficiency of evidence which was obtained in an illegal manner; (2) denial of due process

and fair trial due to suggestive identification procedures; (3) excessiveness of sentence; and (4)

denial of an appeal. [Vol. 3, pp. 141-144; Vol. 2, pp. 112-115].

On April 22, 2004 petitioner moved for appointment of counsel; his motion was granted

and an attorney from the Louisiana Appellate Project was appointed to represent him. [Vol. 3, pp.

146-147; 150; Vol. 2, pp. 122-129].

On or about July 2, 2004, petitioner's court-appointed appellate attorney filed an *Anders*[9]

---

[9] See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) – When appointed
appellate counsel has determined that no non-frivolous issues and no ruling arguably supporting an appeal were
found after a conscientious review of the record, she may file a brief establishing those facts and requesting
permission of the court to withdraw from the case. In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir.1990),
the Louisiana Fourth Circuit Court of Appeals set forth the appropriate procedures for an appellate court to analyze a
brief filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). When appointed
counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were
found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will

brief in the Third Circuit Court of Appeals. [Vol. 1, Appendix M-e]. Counsel asserted that she could find "no non-frivolous errors subject to be reviewed on an appeal" and requested permission to withdraw. On some unspecified date petitioner filed a *pro se* appeal brief raising the following assignments of error – (1) insufficiency of the evidence based on prosecution's failure to prove that the substance in question was cocaine; (2) the trial court erred by allowing a lay witness to testify as an expert; (3) state failed to prove credibility and reliability of confidential informant; (4) trial court erred when it denied petitioner's motion to compel production of the audio tap of the habitual offender hearing; (5) illegal habitual offender sentence because trial court failed to articulate which of two prior convictions was being used as the predicate offense; and, (6) trial court erred in denying motion to quash based upon the unreasonable delays. [Vol. 1, Appendix M-h]. Petitioner also filed a Reply Brief. [Vol. 1, Appendix M-k].

On August 20, 2004, the Louisiana Supreme Court denied writs in the matter entitled *State ex rel. Eugene H. Moore v. State*, 2003-2369 (La. 8/20/2004), 882 So.2d 582. This judgment referred to a writ application in the Third Circuit docketed under that court's docket number KH-03-00362 and denied petitioner's Application for Post-Conviction Relief as having been filed beyond the limitations period established by La. C.Cr.P. art. 930.8.

On December 8, 2004, the Third Circuit affirmed petitioner's conviction and adjudication

---

not be acted on until the appeals court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his own behalf. The court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; 2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an  arguable basis for appeal. See *State v. West*, 04-0793 (La. App. 3d. Cir. 11/10/2004), 887 So.2d 657, 659-60.

as a multiple offender but vacated the sentence imposed on March 30, 2004 and remanded for re-sentencing. As to this latter error, the court noted that petitioner was not represented by counsel at the March 30, 2004 sentencing, nor was he advised of the period of limitations for seeking post-conviction relief. [See *State v. Moore*, KA 04-822 and KA 04-823 (La. App. 3 Cir. 12/8/2004)(unpublished) at Vol. 1, Appendix M-l].  Petitioner's application for re-hearing was denied on January 26, 2005. [Vol. 1, Appendix M-m] [See also *State of Louisiana v. Eugene H. Moore*, 2004-00822 (La. App. 3 Cir. 12/8/2004), 892 So.2d 181(Table).

On February 25, 2005 petitioner filed an application for writs in the Louisiana Supreme Court. On November 28, 2005, the Supreme Court denied writs. *State v. Moore*, No. 2005-KO-0804 (La. 11/28/2005). [Vol. 1., Appendix M-n] See also *State of Louisiana v. Eugene H. Moore*, 2005-0804 (La. 11/28/2005), 916 So.2d 143.

On March 10, 2005 petitioner was returned to district court for re-sentencing in accordance with the Third Circuit's mandate. Petitioner was represented by counsel and advised of the delays for seeking post-conviction relief. Petitioner was sentenced to serve 15 years; he objected to this sentence and filed a motion for appeal. The Louisiana Appellate Project was appointed to represent him on appeal. [Vol. 1, Appendix M-p].  On February 1, 2006 petitioner's sentence was affirmed by the Third Circuit Court of Appeals in an unpublished opinion. *State of Louisiana v. Eugene Henry Moore*, 2005-00736 (La. 2/1/2006), 924 So.2d 516 (Table).[10]

Petitioner signed his federal *habeas corpus* petition on July 19, 2006; it was received and filed on August 4, 2006.  In it he raised the following claims for relief – (1) insufficient evidence

---

[10] Petitioner apparently sought further review in the Louisiana Supreme Court. His writ application (post-marked February 28, 2006) has been designated Supreme Court Docket Number 2006-KO-1166 and remains pending.

to establish that the alleged evidence was in fact cocaine [doc. 1-3, p. 4]; (2) trial court erred in allowing Detective Stephen Cheramie to give opinion testimony concerning the identity of speakers on an audio tape and otherwise [doc. 1-3, p. 9]; (3) the trial court erred when it permitted the jury to judge the credibility or reliability of the undercover police informant identified as "Agent #39 Lamar Moreau" [doc. 1-3, p. 16]; and, (4) an unreasonable delay in re-sentencing [doc. 1-3, p. 22]

### *Law and Analysis*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court.   This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review". 28 U.S.C. §2244(d)(1)(A).[11]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state

---

[11] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir.

1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of

time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted

against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154

F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte.*

*Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence within the period of limitations

provided by Louisiana law. As shown above, petitioner's judgment of conviction and sentence

"became final by the conclusion of direct review or the expiration of the time for seeking such

review" [28 U.S.C. § 2244(d)(1)(A)], on or about February 5, 1998 when the delays for taking an

appeal expired.[12] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops

the appeal process before entry of judgment by court of last resort, the conviction becomes final

when the time for seeking further direct review in the state court expires.)

Under 28 U.S.C. § 2244(d)(1) he had one year, or until February 5, 1999 to file his

federal *habeas* petition.

Petitioner filed his first collateral attack on his conviction on July 17, 1998. [Vol. 3, pp.

26-28] However, by that time, 5 months and 12 days of the one-year AEDPA limitations period

had lapsed. As noted above, any lapse of time <u>before</u> the proper filing of an application for post-

conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184

F.3d 467, citing *Flanagan v. Johnson,* 154 F.3d 196, 197 (5th Cir.1998).

_____Petitioner was able to successfully toll the limitations period during the pendency of this

---

[12] See footnote 2, *supra*.

first Application for Post-Conviction Relief, however, this particular "post-conviction or other collateral review" ceased to be properly filed or pending once the Third Circuit Court of Appeals denied writs in the case on May 11, 1999. [Vol. 3, p. 38; *State of Louisiana v. Eugene Moore*, No. 98-01834 (La. App. 3 Cir. 5/11/99]<sup>13</sup>

Thereafter, another 6 days elapsed between the Third Circuit's May 11 writ denial and May 18, 1999, the date upon which petitioner filed his counseled *ex parte* Motion for Out-of-Time Appeal. [Vol. 3, pp. 39-44]. This *ex parte* motion, to the extent that it may be considered "a properly filed application for State post-conviction or other collateral review" [see 28 U.S.C. §2244(d)(2)] apparently remained pending for only one day.<sup>14</sup> Thereafter, on May 19, 1999, petitioner's AEDPA limitations period began to run again, and neither the November 23, 1999 Motion for Release of Seized Property [Vol. 3, pp. 43-48], November 23, 1999 Motion to Quash the un-prosecuted drug charge [Vol. 3, pp. 49-51], the July 9, 2000 Writ of Mandamus seeking a ruling on the Motion to Quash [Vol. 3, pp. 54-58; Vol. 2, pp. 8-12], nor petitioner's efforts to obtain appellate court review of his previously filed Motion to Compel Production of Public Records [Vol. 3, p. 60] could serve to toll the limitations period since none of these motions could be considered "a properly filed application for State post-conviction or other collateral

---

<sup>13</sup> Neither the exhibits tendered by petitioner nor the presumptively reliable published jurisprudence of the State of Louisiana reveal any writ applications filed in the Louisiana Supreme Court which reference the Third Circuit Docket Number 98-01834. As is shown hereinafter, the first published Supreme Court writ action relative to the instant conviction was the August 30, 2002 writ denial of the Supreme Court and this writ denial referenced a Third Circuit decision docketed as No. KH 01-00524. See *State ex rel. Eugene H. Moore v. State of Louisiana*, 2001-2944 (La. 8/30/2002), 823 So.2d 944.

<sup>14</sup> None of the exhibits tendered by the petitioner suggest that he sought further review in either the Third Circuit or the Louisiana Supreme Court following the trial court's denial of this *ex parte* Motion. Further, since this ex parte Motion for an Appeal was ultimately rejected as untimely, it probably could not have served to toll the AEDPA limitations period. See *Pace v. DiGuglielmo*, 544 U.S. 408, 413, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

review with respect to the pertinent judgment or claim".[15] [28 U.S.C. §2244(d)(2)].

Further, petitioner's next filing, the January 31, 2001 Application for Post-Conviction Relief [Vol. 3, pp. 64-75; Vol. 2, pp. 18-29], also could not serve to toll the limitations period. This pleading, while it did qualify as an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" since it was an obvious and clear attack on the judgment of conviction, was not "properly filed" as required by §2244(d)(2). This petition was dismissed by the district court, the Third Circuit, and the Louisiana Supreme Court as untimely because it was not filed within the delays provided by La. C.Cr.P. art. 930.8. [See Reasons for Judgment, March 5, 2001, Vol. 3, pp. 76-77; Vol. 2, pp. 30-31; *State v. Moore*, KH-01-00524 (La. App. 3 Cir. 4/27/01) at Vol. 3, p. 127; Vol. 2, p. 56; *State ex rel. Eugene H. Moore v. State of Louisiana*, 2001-2944 (La. 8/30/2002), 823 So.2d 944.]. Federal law is clear – if a *habeas* petitioner's state post-conviction petition is rejected by the state court as untimely under the state's statute of limitations, it is not considered "properly filed" within the meaning of the statutory tolling provision of the AEDPA and thus cannot toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 413, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).[16] Thus, by the time

---

[15] Petitioner's Motion for the Return of Seized Property sought the return of cash seized from petitioner at the time of his arrest; the Motion to Quash sought dismissal of unrelated drug charges which had not been prosecuted within the limitations period established by Louisiana law. His motion to compel production of public records, while related to, was not a collateral attack on his drug conviction. In short, none of these motions sought "review" of the "pertinent judgment or claim" – petitioner's drug conviction, his habitual offender adjudication, or the sentence imposed. See *Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002), cert. denied, 537 U.S. 1236, 123 S.Ct. 1360, 155 L.Ed.2d 202 (2003).

[16] The record also reveals that petitioner apparently filed another application for post-conviction relief seeking an out-of-time appeal at some point in time prior to March 26, 2001 because on that date the Third Circuit denied a writ application in the matter entitled *State v. Moore*, KW 01-00176 (La. App. 3 Cir. 3/26/2001). In denying this writ, the appeals court noted, "The issue raised in Relator's application was previously considered by this court in *State v. Moore* ... docket number 98-1834 (La. App. 3 Cir. 5/11/99)..." [See Vol. 3, p. 78] Petitioner's subsequent writ application to the Louisiana Supreme Court was also denied as untimely. *State ex rel. Moore v.*

petitioner's untimely January 31, 2001 Application for Post Conviction Relief seeking an out-of-time appeal was filed, the AEDPA limitations period had long expired and could not be revived by <u>any</u> of his subsequent state court filings, even his successful Motion to Correct Illegal Sentence.

Petitioner's judgment became final when the delays for seeking a direct appeal lapsed; it could not be "de-finalized" by the ultimate reinstatement of his appeal rights that resulted when his Motion to Correct an Illegal Sentence was granted by the Third Circuit Court of Appeals. The Fifth Circuit has clearly held such. In *Salinas v. Dretke*, 354 F.3d 425, 429-430 (5th Cir.), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004) the court noted that "AEDPA provides for only a <u>linear</u> limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between. [citation omitted] . . . nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review. See § 2244(d)(2)." In other words, once petitioner's judgment became "final" it could not thereafter be "un-finalized" when the Third Circuit Court of Appeals granted his otherwise timely and meritorious Motion to Correct Illegal Sentence. Clearly, more than one un-tolled year elapsed between the date that petitioner's judgment of conviction became final and the date he filed his federal *habeas corpus* petition.

Finally, petitioner's pleadings and exhibits do not suggest extraordinary circumstances such as to warrant the application of equitable tolling thus exempting petitioner's claims from

---

*State*, 2002-2828 (La. 10/17/2003), 855 So.2d 749. In short, whatever the nature of this pleading, it too was not "properly filed" and thus could not serve to toll the AEDPA limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 413, 125 S.Ct. 1807, 161 L.Ed.2d 669 (Apr 27, 2005)

dismissal under §2244(d)(1). The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of

equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 10, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE